UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRUCE M. SKIPPERGOSH,

        Plaintiff,

        v.                                 Case No. 22-cv-0645-bhl

CO MITCHELL,
CPL. BARTELS,
LT. HALASAI, and
BROWN COUNTY SHERIFF'S DEPARTMENT,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Bruce Skippergosh, who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Skippergosh's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Skippergosh has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Skippergosh has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $20.04. Skippergosh's motion for leave to proceed without prepaying the filing fee will be granted.

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §1915A(b).  In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.  To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.  "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

2

According to Skippergosh, on April 24, 2022, while he was incarcerated at the Brown County Jail, Defendants Lt. Halasai, Cpl. Bartels, and CO Mitchell removed him from his cell, stuffed a rag into his mouth, forced him to the ground, and stood on his legs while Bartels threatened to insert a mop handle into Skippergosh's rectum. Skippergosh asserts that he could not breathe, gagged on his own vomit, and feared for his life. He explains that, eventually, someone entered the area where this was happening, so Defendants removed the rag from his mouth and placed him in an observation cell. Dkt. No. 1 at 2-3.

Skippergosh asserts that, after about two hours in the observation cell, he asked Mitchell for a PREA incident report and a rape kit and for pictures to be taken of him. Skippergosh states he repeatedly made these requests without response. He explains that, after about three hours, for his own protection, he put a metal object up his rectum so that he would be sent to the hospital. Skippergosh asserts that a team was then assembled to put him in a restraint chair. Skippergosh asserts that "for his own safety" he stated his name, confirmed he was sane and coherent, and then informed the team members that he planned to assault one of the officers by spitting on him. Skippergosh was true to his word and spit on the hand of one of the officers while they placed him in the chair. Dkt. No. 1 at 4.

According to Skippergosh he informed the corporal that he had a back injury and a sharp metal object in his rectum. Skippergosh asserts that the corporal did not respond. Skippergosh states that he was left in the chair for two days without food, water, or his medication. He states that he was not let out of the chair to stretch his legs or use the restroom, even though he was not suicidal. Skippergosh explains that after two or three days, one of the nicer corporals informed him that they were going to take him to medical for an x-ray to confirm whether there was an

3

object in his rectum.  He states that he was a little delirious, but a nurse bathed his body and applied lotion to his feet because they were blistering from having sat in urine for so long.  Dkt. No. 1 at 3-5.

Skippergosh was sent to the emergency room by ambulance after the presence of an object in his rectum was confirmed.  Skippergosh was escorted by a sheriff's deputy, who called his supervisor after Skippergosh reported what he had endured.  Skippergosh states that a Green Bay police officer later interviewed him, but he has not been contacted about the incident since then.  According Skippergosh, after he woke up from surgery, a meaner deputy was present.  This deputy roughly handcuffed him and took him back to the jail, where he was restrained in a chair for two more days.  Skippergosh states that he was put in a suicide cell with no clothes for three days.  He was then transferred to Dodge Correctional Institution.  Dkt. No. 1 at 5-6.

### THE COURT'S ANALYSIS

It appears that Skippergosh was a convicted prisoner while he was at the Brown County Jail.  *See* the Wisconsin Department of Corrections on-line inmate locator, *available at* https://appsdoc.wi.gov/lop/details/detail.  Accordingly, his purported claims arise under the Eighth Amendment, which protects prisoners from cruel and unusual punishments.  *See generally Wilson v. Seiter*, 501 U.S. 294 (1991).  The "central question" when evaluating whether force used against a prisoner is excessive is whether the force "was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Skippergosh states an excessive force claim against Mitchell, Bartels, and Halasai based on allegations that they stuffed a rag in his mouth, painfully pinned him to the ground, and threatened to assault him.

4

Skippergosh does not, however state claims based on his remaining allegations. Although the conditions he describes—being restrained in a chair and having to sit in his own waste for days while a metal object remained in his body—are extreme and troubling, Skippergosh does not identify who was responsible for ordering or failing to address these conditions. Under §1983, a defendant is liable only if he was personally responsible for the deprivation of a constitutional right, meaning that the deprivation occurred at the defendant's behest or with his knowledge and consent. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). Skippergosh sues only Mitchell, Bartels, and Halasai, but nothing in the complaint suggests that they were personally involved in creating or maintaining these alleged conditions.

Skippergosh also fails to state a claim against the Brown County Sheriff's Department. Under Wisconsin law, a county sheriff's department "is not a legal entity separable from the county government which it serves," and is therefore not subject to suit under §1983. *Whiting v. Marathon Cty. Sheriff's Dept.*, 382 F.3d 700, 704 (7th Cir. 2004).

Finally, on August 16, 2022, using a State of Wisconsin Circuit Court form, Skippergosh filed a petition for a temporary restraining order requiring Defendants to stop harassing and contacting him. Dkt. No. 15. Because Skippergosh is no longer incarcerated at the jail and is currently in the custody of the State of Wisconsin, the Court will deny the petition as unnecessary.

**IT IS THEREFORE ORDERED** that Skippergosh's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Skippergosh's petition for a temporary restraining order (Dkt. No. 15) is **DENIED** as unnecessary.

**IT IS FURTHER ORDERED** that the Brown County Sheriff's Department is **DISMISSED** because that entity cannot be sued under §1983.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon CO Mitchell, Cpl Bartels, and Lt. Halasai pursuant to Federal Rule of Civil Procedure 4. Skippergosh is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that CO Mitchell, Cpl Bartels, and Lt. Halasai shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Skippergosh is located.

**IT IS FURTHER ORDERED** that the agency having custody of Skippergosh shall collect from his institution trust account the $329.96 balance of the filing fee by collecting monthly payments from Skippergosh's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Skippergosh is transferred to another institution, the transferring institution shall forward a copy of this Order along with Skippergosh's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Skippergosh is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Skippergosh may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on September 16, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

7